UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECA CASTILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>        Defendant. | Case No. 24-cv-03898-VC<br><br>**ORDER GRANTING MOTION TO REMAND AND AWARDING ATTORNEYS' FEES**<br><br>Re: Dkt. No. 22 |

        The motion to remand is granted. Taking as true the complaint's allegation that Castillo will never purchase the products again—as is required at this stage in the litigation—it is obvious that she does not have standing to seek injunctive relief, which is all she asks for. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018). There are no facts in the record that call into question her stated intent. If Castillo ultimately admits that she does in fact intend to purchase the products again, Hain Celestial can remove again at that time (as Castillo concedes). *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015).

        Castillo's request for attorneys' fees under 28 U.S.C. § 1447(c) is granted. Because it is clear that Castillo does not have standing, Hain Celestial did not have an objectively reasonable basis for removal. It argues, citing *Tailford v. Experian Information Solutions, Inc.*, that it was not required to establish Castillo's standing. 2020 WL 2464797, at *4 (C.D. Cal. May 12, 2020). But in *Tailford*, it did not appear that the plaintiff actually and obviously lacked Article III standing—only that the defendant had not affirmatively established it. Moreover, it is a removing defendant's burden to establish federal jurisdiction. *See, e.g.*, *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Hain Celestial argues that it only needed to establish diversity of citizenship and amount in controversy. But the removal statute, 28 U.S.C.

§ 1441, does not say that any case with over $75,000 in controversy and diversity of citizenship can be removed. It says that cases over which the district courts "have original jurisdiction" can be removed. Because Castillo does not have standing, the district courts do not have original jurisdiction over her case. And contrary to Hain Celestial's suggestion, this Court is not the first to award attorneys' fees in remanding a case to state court for lack of standing. *See O'Boyle v. Unifin, Inc.*, 2023 WL 6579205, at *7 (E.D. Wis. Oct. 10, 2023). Awarding fees is particularly appropriate here because Hain Celestial refused to stipulate to a remand despite lacking any objective basis to think the case could remain in federal court.

Hain Celestial is ordered to pay Castillo $23,016.86. There is no indication that Ms. Reynolds worked on this case while traveling, so it is reasonable to remove the eleven hours of travel time from the award. *See Hall v. Coolidge Unified School District No. 21*, 2012 WL 2217043, at *3 (D. Ariz. Jan. 20, 2012). And while there is no reason to conclude that Castillo's lawyers' rates are excessive as a general matter, a lower rate is appropriate here given the simplicity of this motion. It is therefore appropriate to award fees at a rate of $789.12 per hour (which is the $744 hourly rate Hain Celestial identifies as the average for class action settlements in this district, adjusted for inflation from December 2022 to August 2024 using the inflation calculator for the Bureau of Labor Statistics). On the other hand, the Court does not agree that the time spent by Castillo's lawyers—including the time spent by Mr. Safier or the lawyers who have not officially appeared in the case—is necessarily excessive, especially in light of Ms. Reynolds's sworn statement that she did her best to limit her estimate to time spent on this motion. Therefore, the fee award is $23,016.86: 28 attorney hours x $789.12 = 22,095.36 + $126 in paralegal fees + $795.50 in expenses (neither of which Hain Celestial objects to) = $23,016.86.

Hain Celestial is ordered to pay Castillo $23,016.86 within 14 days of this ruling, and the case is ordered remanded to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: September 25, 2024

VINCE CHHABRIA
United States District Judge

3